# Darlington *versus* Taylor.

1. A shop book, even though the entries be not original and some of the items not the subject of book charge, is competent evidence if it has been shown to the debtor without objection on his part.

2. When an account has been sent to a debtor by mail or by a messenger who has no authority to settle it, the mere fact that it is not immediately objected to cannot be regarded as an admission of its correctness.

3. When an account has been sent to a debtor, a reasonable time—depending on the residence of the parties, the nature of their business, the character of the account, and the mode of its transmission—must be allowed for examination and reply before silence will be taken for consent to its correctness.

4. When parties having mutual accounts meet to scrutinize or adjust them, if no objections are made to their correctness, the debtor is bound by the account.

ERROR to the Court of Common Pleas of *Chester County*. Assumpsit.

[Darlington *v.* Taylor.]

The facts of the case fully appear in the opinion of the court by

BLACK, J.—Taylor was a merchant who furnished raw material to Dixon, a cotton manufacturer, and took his finished fabrics for sale, charging him with the one, and accounting for the other. The factory which Dixon worked was leased to him by Darlington, who alleges that Taylor promised, with the consent of Dixon, to pay the rent, and to enforce that promise, this suit is brought. The defence (which was made out to the satisfaction of the court and jury) is, that Taylor had no money of Dixon's in his hands with which he could pay the rent, and his promise (if he made one) did not bind him to pay it out of his own pocket. It is not denied that this defence is a good one, but the objection is that it was sustained by illegal evidence. Let us see.

The defendant produced his book showing the state of accounts between him and Dixon. This was not admissible upon any principle which makes a shop book evidence between a tradesman and his customer. The entries were not original, and some of them were not of the class that can be proved by a contemporaneous charge. But it was accompanied by evidence that the account, all except two items not shown with the rest of the account, were a charge for discount on advances and a deduction for loss on the goods. But the result of the calculation of the discount was shown to him afterwards, and he himself furnished the date by which the amount of the loss was ascertained. The court could not legally refuse to let evidence like this go to the jury. There may have been circumstances which should prevent it from having much weight, but of these circumstances, if there were any such, the jury were the proper judges. That the court could not pronounce it destitute of force as a matter of law, is abundantly shown, both by reason and authority. It is true that when an account is sent to a debtor by mail or by a person who has no authority to settle it, the mere fact that it is not immediately objected to cannot be regarded as an admission of · its correctness. A reasonable time—depending on the residence of the parties, on the nature of their business, or the character of the account and the mode of its transmission—must be allowed for examination and reply, before silence will be taken for consent. But not so where two persons having accounts between them meet on a set purpose to scrutinize and adjust them. It is to be presumed that a man who undertakes to settle his own business knows what he is about, that he will call for an explanation of every item that he does not understand or remember, that he has already made up his mind with at least some approach to accuracy what the footing ought to be, and that he

is ready to detect and expose every material error and every attempt at imposition made by the other party. The presumption that he knew it to be right because he did not pronounce it wrong can be weakened or altogether repelled by showing that he was careless, over-confident in his adversary's ignorance, or unprepared to settle for want of previous attention to the business. But these are facts with which the jury must deal.

The evidence was admissible for another reason: Dixon himself had been called as a witness by the plaintiff to testify that there was money in the hands of Taylor due to him, and applicable to the payment of the rent. The defendant had a right to discredit him; and the evidence excepted' to did tend to discredit him, by showing that his conduct and language on the occasion referred to were inconsistent with the statement he made on oath.

Whether Taylor could relieve himself from an obligation to Darlington by proving a transaction between himself and Dixon, to which Darlington was not a party and did not assent, is another affair. We suppose he could not. But Taylor denied that any such obligation ever existed, and to make out that it did Darlington was under the necessity of proving affirmatively that Taylor was in debt to Dixon. He attempted to do this by showing the course of dealings, and, after calling Dixon to give one view of them, the defendant gave his version of the matter, contradicting Dixon by the accounts to which he had assented and the declarations he had made. Taylor would not be permitted to violate his pledged faith by showing that he had got a settlement or release from Dixon of a debt he owed to Darlington. But he could not be prevented from answering the plaintiff's evidence by other evidence of the same character—from proving that he never had been in debt at all —from showing the true state of the accounts in contradiction of which he averred to be an erroneous, partial, and false statement of them by the other side.

The evidence I have been speaking of comes on the record in these several bills of exception. If it were our duty to consider each bill alone, and close our eyes on everything else in the case, we would be compelled to reverse this judgment on the first error assigned. The book, as a book, was not evidence, and it was no better when read by a witness than if it had been handed to the jury to be read by themselves. But we will not tear this away from the remainder of the record. Looking at all of it in one view, our conclusion is that it was all rightly admitted.

Judgment affirmed.