Claire v. Claire.

JANE CLAIRE, PLAINTIFF IN ERROR, V. AUGUST CLAIRE, DEFENDANT IN ERROR.

1. **Practice:** SEPARATE, CAUSES OF ACTION. If the defect of a misjoinder of causes of action be not taken advantage of, either by demurrer or answer, it is waived.

2. ——: ——. When the petition states a cause of action on an *account stated* between the plaintiff and defendant, and further, that for the balance due upon the stated account the defendant executed and delivered to the plaintiff a promissory note, *Held*, that but a single cause of action was set out.

3. **Account stated.** An account stated is an agreement between the parties to an account that all the items thereof are correct. In an action to recover the balance due upon such account, it is not necessary for the plaintiff to prove an express promise by the defendant to pay the same.

ERROR to the district court of Nemaha county. Tried below before POUND, J. There is a sufficient statement of the case in the opinion.

*J. H. Broady*, for plaintiff in error, cited *Emery v. Pease*, 20 N. J., 64. *Stewart v. Carter*, 4 Neb., 564.

NOTE.—A petition to obtain the correction of an official bond and to recover a money judgment for a breach thereof, is not a misjoinder of causes of action. *Stewart v. Carter*, 4 Neb., 565. In a real action for the recovery of land itself a demand for use and occupancy, and for damages caused by the tortious injury to the premises, may be included in the same petition. *Wilcox v. Saunders*, 4 Neb., 586. But in such case, if the defendant is a trustee, *quære*. Id. So a petition containing one count alleging that certain shares of stock were purchased by defendant at judicial sale under a parol agreement to hold the same in trust for plaintiff, etc., and another alleging want of jurisdiction in the court, making such sale, but that defendant under color thereof procured a transfer of said shares on the books of the company, and received dividends in trust for plaintiff, is not bad by reason of misjoinder. *Williams v. Lowe*, 4 Neb., 394, 395. Legal and equitable causes of action may be properly joined under sec. 87, Gen. Stat., 538. *Turner v. Althaus*, 6 Neb., 84. But they must be *existing*, not merely prospective causes of action. *Weinland v. Cochran*, 9 Neb., 482, 483.—REP.

*Jones v. Steamboat Cortes,* 17 Cal., 497. Pomeroy on Remedies, sec. 453, 57–60. *Conaughty v. Nichols,* 42 N. Y., 83. *Wright v. Hooker,* 10 N. Y., 51. Bliss on Code Pleading, sec. 120.

*T. L. Schick,* for defendant in error, cited Gen. Stat., 539, sec. 92. Bliss on Code pleading, secs. 119, 423. Nash Pl. & Pr., 52. *Fox v. R. R. Co., 2 Handy,* 170. Pom. on Rem., 627, § 576. *Sturges v. Burton,* 8 O. St., 215. *Ferguson v. Gilbert,* 16 O. St., 88. *Muzzy v. Ledlie,* 13 Wis., 445. *Ford v. Mattice,* 14 How. Pr., 91. *Churchill v. Churchill,* 9 How. Pr., 552. *Dunning v. Thomas,* 11 How. Pr., 281. *Lackey v. Vanderbilt,* 10 How. Pr., 155. Swan's Pl. & Pr., 213.

LAKE, J.

The first matter assigned for error is the sustaining of the motion of the defendant to compel the plaintiff to elect on which cause of action he would proceed. As to the time when this order to elect was made there is nothing to complain of, for if in consequence of its being made just on the eve of trial additional time were needed to make preparation, it should have been requested by proper motion. There is nothing in the record to show that delay was either asked or needed.

On the part of the plaintiff it is contended that the petition states but a single cause of action, while the defendant insists there are two—viz.: one on an account stated, and another on a promissory note. Referring to the petition we find it contains, *first,* a statement of facts showing, as is conceded, an account stated between the plaintiff and the defendant, followed by an averment of the execution and delivery of a promissory note by the defendant to the plaintiff for the balance found to be due him on said account.

While we do not commend this as a sample of good pleading, yet we must agree with the plaintiff in her claim that but a single cause of action is here set forth. The recital of facts showing a stated account was, in effect, but a statement at length of the consideration of the note, which of course is wholly unnecessary in an action on a note, and probably could have been stricken out on motion.

An able law writer says: "If the facts alleged show one primary right of the plaintiff and one wrong done by the defendant which involves that right, the plaintiff has stated but a single cause of action." Pomeroy's Remedies, etc., sec. 455. Applying this rule it is clear that but one primary right is shown by the plaintiff, viz.: to be paid the money found to be due her from the defendant, whose wrong was the withholding of payment. The court was in error, therefore, in holding that two causes of action were stated.

But even if two causes of action existed and were improperly joined, the motion to require the plaintiff to elect would have been improper, and should have been overruled. Section 94 of the code of civil procedure provides that the defendant may demur to the petition on certain grounds, one of which is "that several causes of action are improperly joined." And sec. 95 provides further that: "The demurrer shall specify distinctly the grounds of objection to the petition. Unless it do so it shall be regarded as objecting only that the petition does not state facts sufficient to constitute a cause of action." And in the next section it is declared that if such improper joinder be not objected to, "either by demurrer or answer, the defendant shall be deemed to have waived the same." Gen. Stat., 539, 540. To this petition the answer was only a general denial, and consequently a waiver of the

misjoinder of causes of action if there really had been one.

It is further complained that the court erred in certain instructions given to the jury, and also in refusing to instruct as requested on behalf of the plaintiff. By the first instruction given by the court on its own motion the jury were told that in order to entitle the plaintiff to recover they " must find from the evidence that the account was stated between the plaintiff and defendant, as stated in the petition, and that upon such statement a balance was found due the plaintiff from the defendant, *which the defendant promised to pay*." Substantially the same instruction was, at the request of the defendant, repeated, wherein the necessity of a promise of payment to fix liability was still more forcibly impressed upon the minds of the jury, the language being that the plaintiff must show, not only " that a balance was struck," but also " *that an unconditional promise was made by the defendant to pay the balance agreed upon*." Without the words which we have here italicised these two instructions would have been proper, but with them they are clearly erroneous and highly prejudicial to the plaintiff. An account stated is an agreement between the parties to an account that all the items thereof are correct. *Stebbins et al. v. Niles*, 25 Miss., 267. The simple rendering of an account between the parties and agreeing upon the amount due are sufficient facts on which to maintain an action. *Knowles v. Michel*, 13 East, 249. *Hutchinson v. Market Bank*, 48 Barb., 302. *Cobb v. Arundell*, 26 Wis., 553.

Another instruction complained of, given at the defendant's request, was in this language : " If the evidence is in your minds evenly divided, or so conflicting that it cannot be reconciled, and you cannot by a preponderance of the evidence say that the plaintiff

The State v. Hill.

has made out her case, you should find for the defend-
ant." There was no error in this instruction. It was
necessary for the plaintiff to prove the material facts
of her case by a preponderance of evidence; and if
the jury were unable to find that she had done so,
either on account of the conflicting character of the
testimony, or for any other satisfactory reason, the
defendant was entitled to a verdict in his favor.

As to the refusal of the court to give the two in-
structions requested by the plaintiff, in view of the
issue being tried, and the evidence before the jury, we
see nothing of which to complain. But for the error
in charging that an express promise to pay the bal-
ance found due upon the stated account was neces-
sary to entitle the plaintiff to a recovery, we see noth-
ing in the rulings of the court during the trial that
calls for a reversal of the judgment.

REVERSED AND REMANDED.