J. T. McKINSTER, PLAINTIFF IN ERROR, v. N. F. HITCHCOCK AND J. F. TOWNSEND, DEFENDANTS IN ERROR.

1. **Account Stated.** An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect to such transactions. As distinguished from a mere admission or acknowledgment it is a new cause of action. It is not a contract upon a new consideration and does not create an estoppel, but establishes *prima facie* the accuracy of the items charged without further proof.

2. ———: ACTION ON: DEFENSE: FRAUD: PLEADING: QUESTION FOR JURY. In an action upon an account stated where the answer denies the allegations of the petition and alleges affirmatively that an account existed between plaintiffs and defendants, that plaintiffs were defendant's bankers, and that they, with

intent to defraud plaintiff, concealed from him the real condition of the account and failed to credit him with deposits made by him, and charged him with items with which he was not chargeable; *Held,* That the allegations of fraud contained in the answer were sufficient if proven to vitiate the account stated if one existed, and that the question of such fraudulent concealment should be submitted to the jury with other issues in the case.

ERROR to the district court for Johnson county. Tried below before BROADY, J.

*T. Appleget & Son,* for plaintiff in error, cited: *Stenton v. Jerome,* 54 N. Y., 480.  *Lockwood v. Thorne,* 11 N. Y., 170.  *Daniels v. Wilber,* 60 Ill., 526.  *Champion v. Joslyn,* 44 N. Y., 653.  *Wilson v. Wilson,* 14 Com. Bench, 626.  *Jones v. Dunn,* 3 Watts & S., 109.  *Kennedy v. Goodman,* 14 Neb., 585.  *Roberts v. Totten,* 13 Ark., 609.

*S. P. Davidson,* for defendants in error, cited:  1 Nash Pl. and Pr., 757.  5 Wait's Pr., 666.  *Slee v. Bloom,* 20 Johns., 669.  *Kronenberger v. Binz,* 56 Mo., 121.  *Horan v. Long,* 11 Tex., 230.  *Sutphen v. Cushman,* 35 Ill., 186. *Ruffner v. Hewitt,* 7 West Va., 585.  *Terry v. Sickles,* 13 Cal., 427.

REESE, J.

The original action in the district court was upon an account stated.  The allegations of the petition as it stood at the time of trial were to the effect that a statement of the account had been presented to plaintiff in error by defendants in error, who were bankers, on the 3d day of April, 1884, and which said statement was admitted by plaintiff in error to be correct, and that the balance thereby shown, $4,863.80, was due and owing to defendants in error from plaintiff in error.

The answer of plaintiff in error denied all the allega-

tions of the petition except the fact that he did business at the bank of defendants in error. It is also alleged that defendants in error fraudulently charged certain sums of money to plaintiff in error, and with intent to defraud him failed to give him credit for certain sums deposited in the bank. That the overcharges and failure to credit were made and omitted with the fraudulent intent and purpose of deceiving and defrauding plaintiff in error. It is further alleged that defendants in error transacted all the business of plaintiff in error as his bankers, and that the statements of accounts made by defendants in error were fraudulently and intentionally so made and done by defendants in error as to conceal from plaintiff in error the true condition and standing of the business transactions between them, and that plaintiff in error was thereby deceived as to the true condition thereof, and that there was justly due plaintiff in error, after allowing all proper credits, etc., the sum of $6,020.19, for which judgment was demanded. A trial was had to a jury, which resulted in a verdict and judgment in favor of defendants in error, who were plaintiffs below.

It is not deemed necessary to notice the testimony introduced on the trial at any great length, but we deem it sufficient to say that both parties maintained the allegations of their pleadings to quite a considerable extent, and as another trial must be had on account of what we deem sufficient error in the record, we will refrain from any expressions of opinion as to the merits of the case as shown by the testimony. A number of instructions were given to the jury by the court, some of which were given at the request of the parties and some on the court's own motion. As they were in the main harmonious, and no objection can be made upon the ground that they were conflicting, it would serve no good purpose to set them out in full, but we quote such as may be deemed necessary to fully present the principle involved in the case upon which it was tried.

The first given on behalf of defendants in error is as follows:

"The court instructs the jury that if plaintiffs have proved by a fair preponderance of the evidence that at or about the time mentioned in the petition they presented to defendant a statement of the account between the parties, showing a balance due from defendant to plaintiffs, and that soon thereafter defendant came into plaintiffs' bank and had certain items in said account explained by plaintiffs, and after said explanation was made said defendant admitted said account was correct and showed the correct amount due plaintiffs from defendant, then plaintiffs have established an account stated, and are entitled to recover the amount of said balance admitted to be true and interest from May 3d, 1884, at seven per cent per annum.

If the account stated has been proven as alleged, that fact is conclusive of this case and of the amount due plaintiffs from defendant, and you should not inquire into the correctness or incorrectness of any of the items of the account, but find for plaintiffs as above stated."

Plaintiff in error requested the court to give the following instruction:

"You are instructed that frauds, errors, and mistakes in an account are always subject to correction in the courts." This was changed by adding the following: "But this, so far as this case is concerned, applies only to the open account alleged in the answer and not to the account stated alleged in the petition. As to the account stated there is no issue in this case except whether or not the plaintiffs' allegations on that subject are true."

An account stated is defined to be an agreement between persons who have had previous transactions, fixing the amount due in respect to such transactions and promising payment. As distinguished from a mere admission or acknowledgment it is a new cause of action. It is not now regarded as a contract upon a new consideration, and does

not create an estoppel, but it establishes *prima facie* the accuracy of the items without further proof. Abbott's Trial Ev., 458. The promise may be implied. An express promise to pay is not necessary to be alleged or proved. *Claire v. Claire*, 10 Neb., 54.

Whether established by express or implied assent the burden of showing its incorrectness is thrown upon the other party; He may prove fraud, omission, or mistake, and in these respects he is in nowise concluded by the admission implied from his silence after it was rendered. It is conclusive unless some fraud, omission, or inaccuracy is shown, and ordinarily the burden is upon him to do so. But he is not estopped from doing so, even though it is signed by him. Id., 462. 1 Wait's Ac. & Def., 193. Even though he should give a note for the balance. *Morton v. Rogers*, 14 Wend., 576. *Miller v. Probst*, Add. (Penn.), 344. *Kirkpatrick v. Turnbull*, Id., 260. *Nicholls v. Alsop*, 6 Conn., 477. *Perkins v. Hart*, 11 Wheat. (U. S.), 237. See also 1 Wait's Ac. and Def., 195, and cases there cited. 6 Id., 430. As to the conclusiveness of an account stated, see further *Farnam v. Brooks*, 9 Pick., 212. *Roberts v. Totten*, 13 Ark., 609. *Rembert v. Brown*, 17 Ala., 667. *Bankhead v. Alloway*, 6 Coldw. (Tenn.), 56. *Chatham v. Niles*, 36 Conn., 403. *La Trobe v. Hayward*, 13 Fla., 190. *Shirks' Appeal*, 3 Brewst., 119. *Kronenberger v. Binz*, 56 Mo., 121.

As to whether the mere acceptance of a customer's bank book, written up and returned to him by the bank, together with the checks, without objection as incorrect, is to be held binding upon the customer as an account stated, is a question upon which authorities differ, and which it seems is not necessary here to decide, as it is claimed by defendants in error that plaintiff in error assented to the statement a few days after it was made. Upon this point see Morse on Banks and Banking, 358, and cases there cited. But perhaps the better rule is, that if such an ac-

count be retained for an unreasonable time without objection it will be treated as an account stated and *prima facie* correct. *Ruffner v. Hewitt,* 7 West Va., 585. *Copwood v. Bolton,* 26 Miss. (4 Cush.), 212. *Darlington v. Taylor,* 3 Grant (Pa.), 195. *Terry v. Sickles,* 13 Cal., 427. Yet this must depend upon the special circumstances of each case. *White v. Hampton,* 10 Iowa, 238.

The doctrine here stated is substantially admitted by defendants in error, but it is insisted that under the pleadings proof of such facts as would vitiate the account stated was inadmissible, as the answer did not contain the allegations necessary to admit such proof. That in order to attack the stated account the defendant in the action must admit the allegations of the petition in that behalf and then allege that there was fraud or mistake in the settlement. We are not ready to adopt this proposition. While it is true that the defenses pleaded must be consistent, yet our code permits a defendant to plead as many defenses as he may have (sec. 100, civil code) so long as they are consistent. The answer denies that there was an account stated between the parties. We think the answer is fully sufficient to entitle plaintiff in error to have the question of the correctness of the account submitted to the jury by proper instructions, and that the court erred in giving the first instruction asked by defendant in error and in the modification or change made in the first asked by plaintiff in error. As we understand and believe the law to be upon this question it is that the account stated having been alleged by defendants in error and denied by plaintiff in error the burden of proof was upon defendants in error to establish this allegation of their petition. If the fact was proven as alleged, that fact was not " conclusive of the case and of the amount due plaintiffs," but the plaintiffs were *prima facie* entitled to recover, and the burden of proof to show the fraud alleged was upon the defendant in the action, and, unless established to the satis-

faction of the jury, the claim of defendants in error would stand as proven. · If the fraud was proven the account stated would be vitiated thereby and the plaintiff in the action could not recover thereon.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.