## JOHN P. WAGNER v. JAMES G. LADD.

FILED NOVEMBER 8, 1893.   No. 5040.

1. **Negotiable Instruments:** COUNTER-CLAIM AND SET-OFF: CONFLICTING EVIDENCE: REVIEW. In an action on a promissory note, a counter-claim and set-off consisting of several items were set out in the answer, which on the trial the jury disallowed. The testimony being conflicting, it is impossible for this court to say with accuracy what, if any, one of the items should be allowed.

2. ———: ———: INSTRUCTIONS. An instruction, "When a settlement is made, and a promissory note is given as a result of the settlement, the giving of the note is *prima facie* evidence that all matters in difference between the parties at the time of the settlement were settled in the settlement; and this presumption must prevail until a preponderance of the evidence shows that there were matters in the difference at the time between the parties that were not included in such settlement," *held*, applicable to the testimony and not erroneous.

15

ERROR from the district court of Gage county. Tried below before BROADY, J.

*Griggs, Rinaker & Bibb,* for plaintiff in error.

*Hugh J. Dobbs, contra:*

The second instruction correctly states the law as applicable to this case. (*McKinster v. Hitchcock,* 19 Neb., 100; *Bull v. Harris,* 31 Ill., 487; *Straubher v. Mohler,* 80 Ill., 21; *Chubbuck v. Vernam,* 42 N. Y., 432; *Sutphen v. Cushman,* 35 Ill., 186; *Kronenberger v. Binz,* 56 Mo., 121; *Chatham v. Niles,* 36 Conn., 403.)

MAXWELL, C. J.

This is an action upon a promissory note made by Wagner in favor of Ladd. The execution of the note is admitted, but Wagner pleads a counter-claim and set-off as follows:

| | | |
|---|---:|---:|
| Fall, 1888, To one service of the stallion "Counsellor" | $100 | 00 |
| Fall, 1888, To one service of the stallion "Plutus" | 25 | 00 |
| June, 1888, To one bridle bit | 3 | 00 |
| June, 1888, To one lock | 1 | 25 |
| Summer, 1889, To sheeting manger and feed boxes | 4 | 50 |
| Summer, 1889, To one pane of glass | | 50 |
| Summer, 1889, To use of stall six months at $1.50 | 9 | 00 |
| Nov., 1886, To amount due defendant and retained by plaintiff from the wages of J. W. Andrews to apply on note given by Andrews to this defendant | 50 | 00 |
| To interest | 15 | 00 |
| | $208 | 25 |

On the trial of the cause the jury found a verdict in favor of Ladd for the full amount of the note and interest, and judgment was rendered on the verdict.

Two grounds of error are assigned in this court: First, that the verdict is contrary to the evidence; and second, that the court erred in giving the second instruction.

1. The testimony is conflicting upon the contested points, and it is impossible for this court to say with accuracy what items, if any, should be allowed and what rejected. The questions were properly submitted to a jury and the verdict will be sustained.

2. The second instruction is as follows: " When a settlement is made, and a promissory note is given as a result of the settlement, the giving of the note is *prima facie* evidence that all matters in difference between the parties at the time of the settlement were settled in the settlement; and this presumption must prevail until a preponderance of the evidence shows that there were matters in the difference at the time between the parties that were not included in such settlement."

In *McKinster v. Hitchcock,* 19 Neb., 100, this court held that " An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect to such transactions. As distinguished from a mere admission or acknowledgment, it is a new cause of action. It is not a contract upon a new consideration, and does not create an estoppel, but establishes *prima facie* the accuracy of the items charged without further proof." In our view the instruction comes within the rule there stated, and, as applied to the testimony in the case, is not erroneous. There is no error in the record and the judgment is

AFFIRMED.