MILTON HENDRIX V. WILLIAM A. KIRKPATRICK.

FILED JUNE 2, 1896.   No. 6625.

1. **Account Stated.** An account stated is an agreement between persons who have had previous dealings determining the amount due by reason of such transactions. (*McKinster v. Hitchcock*, 19 Neb., 100.)

2. ———: PROMISE TO PAY: ACTION. The rendering of an account between parties and agreeing upon the amount due as appearing therefrom will support an action for the balance thereby shown without an express promise to pay.

3. ———: OBJECTION: EVIDENCE. The failure to object to an account rendered is admissible in evidence as tending to prove an acknowledgment of its correctness, its weight or sufficiency for such purpose being a question of fact for the consideration of the jury.

4. ———: EVIDENCE. Verdict for defendant in error, who sued to recover upon an account stated, *held*, from an examination of the evidence, to be warranted thereby.

ERROR from the district court of Sarpy county. Tried below before SCOTT, J.

*James A. Powers*, for plaintiff in error.

*James Hassett, contra*.

POST, C. J.

Counsel for the plaintiff in error frankly admits that the only question presented by the record of this case is whether the evidence is sufficient to sustain the finding that there was an account stated by the parties as alleged in the petition below, and upon which a recovery was allowed by the district court for Sarpy county. The specific allegation to the petition, to which the verdict and judgment are responsive, is that there is due from the defendant to the plaintiff therein a balance of $137.32 for work and labor as per settlement on or about January 27, 1892, and which sum the said defendant promised and agreed to pay.

It appears from the evidence submitted by the defendant in error, Kirkpatrick, that on quitting the employ of the plaintiff in error, Hendrix, some time prior to the date above named, he was requested by the latter to make out and furnish an account of his charges; that in response to such request he prepared and forwarded a statement of the account, showing the services rendered and balance in his favor, to which Mr. Hendrix responded objecting to one charge only, to-wit, for one day's labor with team.   With respect to the subsequent transactions defendant in error testified: "I sent him back an itemized statement of the dates and work performed, and I heard nothing from him after that until the 27th day of January.   Him and Mr. Ringo come to my place and told me if I would come back to the house he would give me a check for part of the money that was due me.   I came back and he gave me a check and checked the statement I gave him and said there was no difference, and said if I would be in Omaha on the following Saturday he would give me my money in full for the account."   The foregoing statement is corroborated by Mrs. Kirkpatrick, the wife of defendant in error, who was present during the interview mentioned, and who testified that Mr. Hendrix at that time acknowledged the itemized statement then in his possession to be correct.   The foregoing evidence, although controverted by the plaintiff in error, was evidently accepted as true by the jury, and the verdict is conclusive upon that issue.   The only question for determination is, therefore, whether the facts proved are sufficient in law to warrant the finding of a settlement between the parties.

An account stated is, as said by this court in *McKinster v. Hitchcock*, 19 Neb., 100, "an agreement between persons who have had previous transactions, fixing the amount due in respect to such transactions."   In *Claire v. Claire*, 10 Neb., 54, it was said by Judge LAKE that "The simple rendering of an account between parties and agreeing upon the amount due are sufficient facts on which to

maintain an action." Although many cases go to the extent of holding that by the mere failure to object to an account rendered it becomes a liquidated and unimpeachable demand, the sound rule is believed to be that such fact is admissible as an acknowledgment of the correctness thereof, the weight or sufficiency of such proof being a question of fact to be determined by the jury. (*Chisman v. Count*, 2 M. & G. [Eng.], 307; *Toland v. Sprague*, 12 Pet. [U. S.], 300; *Guernsey v. Rexford*, 63 N. Y., 631; *Sharkey v. Mansfield*, 90 N. Y., 227.) But whichever view we may adopt, it is clear that the finding in this case is fully warranted by the evidence, and that the judgment should be

AFFIRMED.