A. F. HAISH V. ABNER DILLON.

FILED MARCH 2, 1904.   No. 13,391.

Stating an Account.   In stating an account, as in making any other
    agreement, the minds of the parties must meet, and the trans-
    action must be understood by the parties as a final adjustment of
    the respective demands between them, and the amount then due.

ERROR to the district court for Kearney county:  ED L.
ADAMS, JUDGE.   Reversed.

Hague & Anderbery, for plaintiff in error.

Lewis C. Paulson and J. L. McPheeley, contra.

DUFFIE, C.

Plaintiff in error was plaintiff in the court below.   He
sued Dillon on an open account claiming a balance due of
$65.60 for various items, including some work done for
Dillon by a hired hand, one Capps.   Dillon answered,
first, by a general denial, and, second, that a full and final
settlement was had between plaintiff and himself, in
which it was found that there was a balance due the plain-
tiff of $30.60, provided, however, that Capps should verify
the amount of work that was done by him in the way of
husking corn for the defendant, and that, if the amount
charged for his work in the settlement should be reduced
by him, then the amount of such reduction should be sub-
tracted from the $30.60 otherwise agreed upon.   That
Capps reduced the amount claimed by plaintiff for his
work by $9, thus fixing the amount of $21.60 as the
amount due the plaintiff.   It was further alleged that this
amount had been tendered the plaintiff before suit brought
and that he refused to accept the same.   The reply of
plaintiff denied a settlement.   The evidence shows that
some time in December the parties met and agreed upon
the different items of the account existing one against the
other, except an item of $18 for 90 hours' work in husking

corn performed for Dillon by Capps, the hired man of Haish. Haish had a statement, which he claimed was furnished him by Capps, showing the number of hours that he worked, and it is conceded that if this statement is correct, the balance agreed upon between the parties was $30.60 in settlement of all accounts between them. It appears, however, that Dillon was not satisfied with the statement, and refused to agree to the amount until it was verified by Capps; that Capps afterwards, when called on, claimed that the statement was incorrect and that he had worked only one-half the time shown by the statement. It is now insisted by Dillon that Haish agreed to accept in full settlement of his claim $30.60, less any overcharge which Capps should say was made for his services.

It will be seen from this statement that Dillon defended upon the theory that an account had been stated between the parties, that a tender of the amount had been made, and that the action could not therefore be maintained; and in its third instruction the court told the jury: "Under the issues joined and under the answer filed, the burden of proof is on the defendant to prove by a fair preponderance of the evidence the settlement that he claims was made. Unless you are satisfied by a preponderance of the evidence that a settlement was made as alleged by him, then you will not consider such allegations in his answer." It will be seen from this instruction that the case was submitted to the jury upon the theory that what took place between the parties relating to a settlement had fixed and determined the amount due the plaintiff. In other words, that an account had been stated between them. We do not think that either the defendant's answer, or the evidence offered in support thereof, shows an account stated. The rule is uniform that in stating an account, as in making any other agreement, the minds of the parties must meet. *Lockwood v. Thorne*, 18 N. Y. 285; *Stenton v. Jerome*, 54 N. Y. 480; *Raymond v. Leavitt*, 46 Mich. 447; *McKinster v. Hitchcock*, 19 Neb. 100; *Hendrix v. Kirkpatrick*, 48 Neb. 670.

*Bloomley v. Granton & Watkins,* 1 U. C. C. P. 309, is a case very much in point. In that case the defendant admitted a certain balance due to the plaintiff, from which was to be deducted an unascertained debt due to the defendant, and also a balance on a certain account due by the plaintiff to his brother, which he had agreed should be paid by the defendant out of moneys coming to the plaintiff. It was held that this was not evidence of an account stated. The court said:

"The mere admission of the balance remaining on one part of a transaction or agreement, to be reduced by deductions concurrently agreed to be made on another part of such transaction or agreement, such deduction not being ascertained or admitted in point of amount, does not admit any specific sum as presently due, so as to amount to evidence of an account stated, either at that time or at any prior period; such admission only shows a liability to account, or a state of accounts unadjusted. Nor would proof of the amount of the counterclaim to be deducted, show an admitted balance of the residue sufficient to support the count on an account stated."

By Dillon's answer it is shown that the parties themselves never agreed upon the amount due from him to the plaintiff. Upon his own theory, the amount due was to be fixed by what should thereafter be stated by a third party. The minds of the parties never met upon the amount due. If they had, as well stated in the brief of plaintiff in error, this suit would never have been commenced. It was because the account never was settled that the parties are in court.

We recommend a reversal of the judgment and that the cause be remanded for another trial.

LETTON and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for another trial.

REVERSED.