E. H. LUIKART, RECEIVER, APPELLANT, V. CONTINENTAL. NATIONAL .BANK, APPELLEE.

FILED APRIL 6, 1934.   No. 29082.

· *Clarence G. Miles, F. C. Radke* and *Barlow Nye*, for appellant.

*Beghtol, Foe & Rankin, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LANDIS, District Judge.

LANDIS, District Judge.

Action by appellant, E. H. Luikart, as receiver of Farmers & Merchants State Bank of Benkelman, Nebraska, against appellee, Continental National Bank of Lincoln, Nebraska, upon an account stated.   A verdict was

directed below in favor of defendant appellee; motion for new trial overruled, and the receiver appeals.

The record discloses appellant was appointed receiver November 9, 1931. On December 22, 1931, appellee was written to as follows: "We wish to close the account of the Farmers & Merchants State Bank, Benkelman, Nebraska. Please send us a draft or cashier's check payable to E. H. Luikart, Receiver, for the balance as shown by your books. When the account is closed, please send us the final statement. Very truly yours, Receivership Division, by Camella Willadsen." On January 4, 1932, appellee wrote appellant: "In accordance with your request we have closed the account of the Farmers & Merchants State Bank, Benkelman, Nebraska, and are pleased to inclose our cashier's check No. 62031 for $128.37 being the balance due in accordance with the statement inclosed. The charge of $15,908.72 represents principal and interest at 6 per cent. on notes as per list inclosed which we have been carrying for the Farmers & Merchants State Bank of Benkelman, and which we return herewith by registered mail. Please acknowledge receipt of the inclosed notes and oblige. Yours very truly, R. C. Johnson, Ass't. Vice-President."

From January 4, 1932, to April 6, 1932, there were numerous conferences between the representatives of the receiver and the appellee bank over the debit items of the account. About January 19, 1932, the appellee conceded that one of the debit items was incorrect and paid the receiver therefor $3,735.03 and took back this item. At this time there was no agreement on the remainder of the debit items.

There was a continued controversy over the debit items, and no agreement was ever reached thereon, except as to the one item paid by appellee. On April 6, 1932, the receiver writes the appellee setting up the history of the transactions up to that time, refuses to concede the debit items, and closes the letter with: "The undersigned hereby surrenders all of the above notes to your bank on the

theory that this property belongs to your bank, and the undersigned receiver of the said Benkelman bank hereby demands the payment to him by your bank of the sum of $12,302.06 together with interest thereon at seven (7) per cent. from December 23, 1931, being the amount of balance and credit due the said Benkelman bank as a depositor in your bank."

The appellee sent on the last day of each month a regular form statement to all the country banks having deposits with it. Exhibit 1 is such a statement, as follows: "Farmers & Merchants State Bank, Benkelman, Nebraska. In account with the Continental National Bank, Lincoln, Nebraska. Statement of your account for month of —————. Please examine at once. If no error is reported in ten days, this account will be considered correct." Then appears debit and credit columns, and under the debit column no entries are made, while under the credit column appears "Bal. Ford. Nov 28 16,017.36, Dec 28 19.73, Dec 30 1931 16,037.09." Exihibit 1 was mailed by appellee about January 1, 1932, to the bank at Benkelman, checked there by appellant's agent in charge of the bank and then forwarded to appellant in Lincoln. Agents of the appellant found exhibit 1 in the files of the receivership division some time in January, 1932. The representative of the receiver who had supervision of this particular matter, with his assistants, testify that accuracy of the credit items on exhibit 1 was never questioned by them; to their knowledge no one connected with the appellant ever did; that the only controversy that ever existed with appellee was over the debit items; that as to these there were continuous controversies from January 4, 1932, to April 6, 1932, and that there was never any agreement on these items.

Receiver claims exhibit 1 was an account stated between the parties, presenting this sole claim by his petition. An account stated is an agreement between the parties who have had previous transactions of a monetary character that all the items of the account representing

such transactions, and the balance struck, are correct, including a promise, express or implied, for the payment of such balance. *Hendrix v. Kirkpatrick,* 48 Neb. 670; *Jorgensen v. Kingsley,* 60 Neb. 44; *Haish v. Dillon,* 71 Neb. 290. In stating an account, like any agreement, the minds of the parties must meet. *Hendrix v. Kirkpatrick, supra; Haish v. Dillon, supra.*

There is no issue in this case as to the justness or legality of the debits claimed by the appellee. The sole issue is: Does exhibit 1 create an account stated? A motion for a directed verdict admits all the material and relevant evidence, with proper inferences therefrom, and if there was any evidence from which the jury might find that there was an account stated, then there was error in directing a verdict.

We think the trial court properly directed a verdict under the evidence. Considering all the contemporaneous facts and circumstances, there was no account stated between the parties. There was no agreement, express or implied, that all the items of the account were correct, nor as to the payment of any balance. The minds of the parties did not meet. Exhibit 1 cannot be considered as standing alone under the circumstances of this case. On its face it appears to be tentative; submitted for a ten days' consideration as to errors. Within the ten-day period a controversy arose. In the monetary dealings between the parties there were debit and credit items. There was controversy as to the debit items and necessarily would be as to a balance due to the receiver on a controverted account.

Error is claimed because appellant's request to withdraw his rest and submit further evidence was denied. The request was made after the court had announced it was going to sustain appellee's request for a directed verdict. Whether a party may withdraw his rest and introduce further testimony rests within the sound discretion of the trial court, and there is no indication in the record that this discretion was abused.

602

We think it was not error for the trial court to permit the letter of January 4, 1932, to the receiver as part of the cross-examination of the assistant to the receiver in charge of failed banks. It is not questioned that the letter is genuine; that it was received, and it is part of the controversy between the parties.

The record failing to show prejudicial error, the judgment is

AFFIRMED.