ALVIN A. BINGAMAN, APPELLEE, V. V. L. HUNTLEY, APPELLANT.

299 N. W. 180

FILED JUNE 27, 1941. No. 31061.

*O'Sullivan & Southard* and *A. J. Whalen,* for appellant.

*Brown, Fitch & West, contra.*

Heard before PAINE, CARTER and MESSMORE, JJ., and ELDRED and TEWELL, District Judges.

TEWELL, District Judge.

This action was begun upon an alleged account stated in the municipal court of the city of Omaha. From a judgment in favor of plaintiff in such court an appeal was taken to the district court for Douglas county. Trial to a jury in such district court resulted in a verdict and a judgment in

favor of the plaintiff. The defendant perfected an appeal to this court.

In his petition the plaintiff alleges that prior to November 1, 1926, the plaintiff, upon open account, furnished labor and materials in repairing automobiles belonging to the defendant, and that on November 1, 1926, an account was stated between the plaintiff and the defendant whereby the parties agreed that there was due and owing to the plaintiff from the defendant upon such account the sum of $130.10. The petition further states the items of an open account between the plaintiff and the defendant between the dates of December 16, 1932, and September 10, 1938. This account is alleged to have consisted of items furnished to the defendant by the plaintiff, for which a total charge of $18.13 is alleged to have been made. The petition then alleges seven payments by the defendant in the total sum of $24.50, the last of which is alleged to have been made on September 10, 1938, and to have been in the sum of $7.50. The petition further alleges that at the request of the defendant said payments, in the total sum of $24.50, were first applied to payment for the items furnished between the dates of December 16, 1932, and September 10, 1938, in the sum of $18.13, and the balance of $6.37 credited, at the defendant's request, upon said account stated, thus leaving a balance due upon such alleged account stated of $123.73. The plaintiff prays for judgment for such sum of $123.73, costs and attorney's fees. The defendant's answer denies the allegations of the plaintiff's petition, and alleges that action upon any debt owed to the plaintiff by the defendant was barred by the statute of limitations.

The evidence is sufficient to sustain a finding to the effect that, since several years prior to November 1, 1926, the plaintiff has operated a garage, in which automobiles were repaired, and that just prior to November 1, 1926, some kind of an open account with the defendant in favor of the plaintiff existed. It is also sufficient to sustain a finding to the effect that the plaintiff furnished the defendant the items on open account that his petition alleges were fur-

nished between the dates of December 16, 1932, and September 10, 1938, and that the defendant made the seven payments thereon that are alleged in the plaintiff's petition. The defendant himself, who was the only witness produced on behalf of the defendant, in his testimony denied having had any conversation with any one relative to his account on or near November 1, 1926, and denied having made one payment of $8.25 to the plaintiff that is alleged in plaintiff's petition as one of the seven payments, and that is alleged to have been made by the defendant on August 4, 1937. The cause was submitted to the jury solely upon the issue of whether or not an account was stated between the parties on or about November 1, 1926, and upon the issue of whether or not the defendant had made a payment upon such account stated within four years next before the date of the commencement of this action. This cause is submitted to this court solely upon the question of whether or not the evidence will sustain a finding to the effect that an account was stated between the parties as to the open account existing prior to November 1, 1926.

The space appropriately allotted to this opinion will not permit setting forth the evidence in detail. The only evidence relating directly to the making of an account stated is the testimony of the plaintiff himself. The plaintiff testified that about November 1, 1926, he saw the defendant, either in the post office or the city hall, at a time when the plaintiff was out collecting and had statements of various customers in his pocket; that at such time and place the plaintiff told the defendant the amount of money that was due on the account, and that the plaintiff would like to get it settled up; that the defendant said he did not have any money, and that when he got some money he would pay the account; that there had never been any argument over any item in the account, and that the defendant had never at any time denied any item in the account. The evidence does not show of what items the account prior to this conversation consisted, and does not show that any itemized statement of the account was ever furnished to or made

known to the defendant, or that such items were ever discussed between the parties. The plaintiff did testify to the mere conclusion that the plaintiff and defendant in the conversation last above mentioned had an agreement on the amount of the account. He did not state any parts of the conversation that he claims made such an agreement, although several times pressed so to do.

An account stated consists of an agreement between parties, who have theretofore had transactions of a monetary character, by which a balance due one or more of such parties from such transactions is either struck or made a matter of mere computation, and by which the party or parties owing such balance agree to pay it. *Luikart v. Continental Nat. Bank,* 126 Neb. 598, 253 N. W. 905. The evidence discloses that the open account existing between the parties prior to the date of the alleged account stated had existed continuously from about the year 1917 up to about the middle of the year 1926. The evidence indicates that the items of this account were quite numerous. During the time the account was run, the defendant was doing trucking and hauling, and had at least more than one truck. The nature of the materials furnished and services performed in repairing automobiles was such that the defendant probably would not have any knowledge of the charges made for many items in the account. The evidence does not disclose that he did have any such knowledge. In creating an account stated, as in making any other agreement, the minds of the parties involved must meet and understand that a final adjustment of the respective demands of each upon the other is being made. *Haish v. Dillon,* 71 Neb. 290, 98 N. W. 818; *Loy v. Storz Electric Refrigeration Co.,* 122 Neb. 357, 240 N. W. 423. We are not unmindful of the rule of law that requires evidence to be given that construction that is most favorable to its sufficiency to give rise to disputed facts upon material issues, but we are unable to see how the evidence in this case is sufficient to establish the making of an account stated. Without mere speculation and conjecture, no reasonable mind could find from the evi-

dence that either the plaintiff or the defendant ever understood that they were engaged in the business of making an agreement as to the correctness of the account involved. A contrary holding would work toward the destruction of that public policy that supposedly is fostered by the statute that limits the time within which an action on an account must be begun.

For reasons above stated, the judgment of the trial court is reversed, with instructions to dismiss the plaintiff's action upon the alleged account stated, without prejudice to such rights as the plaintiff may have upon his open account.

REVERSED.