Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/15/2018 08:09 AM CDT

- 849 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
25 NEBRASKA APPELLATE REPORTS
CROSSMAN & HOSFORD v. HARBISON
Cite as 25 Neb. App. 849

CROSSMAN & HOSFORD, APPELLEE, V. MICAELA HARBISON,
PERSONAL REPRESENTATIVE OF THE ESTATE OF
JEANNE K. MODEROW, DECEASED, APPELLANT.

___ N.W.2d ___

Filed May 1, 2018.    No. A-16-1115.

1. **Summary Judgment.** Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue regarding any material fact or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

2. **Summary Judgment: Appeal and Error.** In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.

3. **Debtors and Creditors: Words and Phrases.** An "account stated" is an agreement between persons who have had previous dealings determining the amount due by reason of such transactions.

4. **Debtors and Creditors.** When parties have accounts against each other, and a statement of the account is made out by one party and presented to the other, and the latter expressly assents to its correctness, the law will regard it as a stated or settled account, and it will be binding on both parties.

5. **Debtors and Creditors: Proof.** The failure to object to an account rendered is admissible in evidence as tending to prove an acknowledgment of its correctness. Proof of an express promise to pay is not required.

6. **Debtors and Creditors: Time.** A party's retention without objection for an unreasonably long time of a statement of account rendered by the other party is a manifestation of assent. What constitutes an unreasonably long time is a question of fact to be answered in the light of all the circumstances.

- 850 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
CROSSMAN & HOSFORD v. HARBISON
Cite as 25 Neb. App. 849

7. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Douglas County, Shelly R. Stratman, Judge, on appeal thereto from the County Court for Douglas County, Darryl R. Lowe, Judge. Judgment of District Court reversed and remanded for further proceedings.

Benjamin M. Belmont and Wm. Oliver Jenkins, of Brodkey, Peebles, Belmont & Line, L.L.P., for appellant.

Donald C. Hosford, Jr., of Crossman & Hosford, for appellee.

Riedmann and Bishop, Judges, and Inbody, Judge, Retired.

Riedmann, Judge.

Crossman & Hosford sought recovery for legal services performed under an account stated theory. The county court for Douglas County granted summary judgment in its favor, and the judgment was affirmed by the district court. Finding a genuine issue of material fact, we reverse the judgment and remand the cause for further proceedings.

## FACTUAL BACKGROUND

Donald C. Hosford, Jr., is an attorney in Omaha, Nebraska, practicing law under the name "Crossman & Hosford." Hosford alleged that he performed legal services for Jeanne K. Moderow for some indeterminate time prior to March 8, 2012. On March 8, he sent Moderow two billing statements: one in the amount of $1,900 for services performed for "JMJM Properties, LLC" and one in the amount of $16,675 for work performed for "American Marking Company." The statements set out a narrative listing of the services rendered, but did not include an itemization of when the work was performed, what it specifically included, or the amount charged for each task.

- 851 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
CROSSMAN & HOSFORD v. HARBISON
Cite as 25 Neb. App. 849

Hosford sent followup invoices reflecting the amounts due in April, June, and July.

On July 31, 2012, Moderow first responded to Hosford's invoices, via email. She apologized for her delayed response, stated she was "taken aback" at the amount of the bill, and stated that because it would be difficult to pay "all at once," she would send a check for $500 "in the next couple of weeks." She concluded by thanking him for his patience. As promised, Moderow made her first $500 payment on August 14 and her second $500 payment on December 13. Subsequent billings reflected these payments as deductions from the total amount due.

Hosford continued to bill Moderow monthly without further response until April 2013. On April 17, Moderow sent Hosford a letter in an effort to "avoid a 'trainwreck.'" In that letter, she stated, "I have concerns regarding the years it took to bill me and the amount of the bill. In fact, if I had known your fees, I might have made other arrangements." Hosford responded, via letter, noting her two payments and stating that prior to her April 17 letter, she had never informed him of any issue with regard to her account. He concluded, stating, "With all due respect, such complaint comes at me too late, and after all the effort and communication I have put forth with regard to getting this resolved."

Moderow responded later that month, claiming that she had been paying on the first bill for the "JMJM LLC set up." She claimed that the statement concerning "AMC" had her "puzzled." She explained that the "bill was late (over 5 years) in being sent. There are no itemizations or dates and the amount is questionable." She requested "a significant adjustment." Hosford denied her request and continued sending monthly statements. Moderow made no additional payments.

## PROCEDURAL BACKGROUND

In October 2013, Hosford filed a complaint in the county court for Douglas County. He alleged that he had sent a

- 852 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
25 NEBRASKA APPELLATE REPORTS
CROSSMAN & HOSFORD v. HARBISON
Cite as 25 Neb. App. 849

statement of account for legal services and costs to Moderow and that the account was stated and agreed to between the two of them. He further alleged payment of $1,000 by Moderow and sought judgment for the remaining $17,575 plus prejudgment interest. Moderow filed a general denial and affirmatively alleged that Hosford's claim was barred by the statute of limitations or the equitable doctrine of laches and waiver.

Hosford subsequently filed a motion for summary judgment, which was ultimately granted. Moderow's appeal to the district court was unsuccessful, and she timely appealed to this court. During the pendency of the appeal, Moderow passed away and the appeal was revived in the name of Micaela Harbison, personal representative of Moderow's estate, pursuant to Neb. Rev. Stat. § 25-1406 (Reissue 2016).

ASSIGNMENTS OF ERROR

Moderow assigns that the district court erred in finding no genuine issues of material fact in the claim of an account stated. Specifically, she asserts that genuine issues of material fact were present with regard to whether Moderow was a proper party and whether Moderow had an understanding of that to which she was agreeing. Moderow also assigns that the district court erred in finding no genuine issue of material fact as to the reasonableness of the attorney fees charged and as to whether the claim was barred by the statute of limitations.

STANDARD OF REVIEW

[1,2] Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue regarding any material fact or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Walters v. Sporer*, 298 Neb. 536, 905 N.W.2d 70 (2017). In reviewing a summary judgment, an appellate court views the evidence in the light most

- 853 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
CROSSMAN & HOSFORD v. HARBISON
Cite as 25 Neb. App. 849

favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

## ANALYSIS

[3,4] Hosford filed this action as an account stated. An "account stated" is an agreement between persons who have had previous dealings determining the amount due by reason of such transactions. *Sherrets, Smith v. MJ Optical, Inc.*, 259 Neb. 424, 610 N.W.2d 413 (2000). The general rule is that when parties have accounts against each other, and a statement of the account is made out by one party and presented to the other, and the latter expressly assents to its correctness, the law will regard it as a stated or settled account, and it will be binding on both parties. *Loy v. Storz Electric Refrigeration Co.*, 122 Neb. 357, 240 N.W. 423 (1932).

[5] The initial question, therefore, is whether the billing statements of March 8, 2012, and Moderow's subsequent conduct are sufficient to establish an account stated as a matter of law. As the party moving for summary judgment, Hosford had the burden to prove a prima facie case of an account stated. It is uncontroverted that Moderow did not expressly agree to personally pay the amounts contained in the billing statements; however, the failure to object to an account rendered is admissible in evidence as tending to prove an acknowledgment of its correctness. Proof of an express promise to pay is not required. *John Deere Co. of Moline v. Ramacciotti Equip. Co.*, 181 Neb. 273, 147 N.W.2d 765 (1967).

[6] Here, Moderow initially expressed surprise at the amount of the bill, but rather than contesting it, she explained that she would be unable to pay it "all at once." Thirteen months after having received the billing statements, she first expressed "concerns" regarding the amount of the bill. As stated in the Restatement (Second) of Contracts § 282 at 386 (1981), "A party's retention without objection for an unreasonably long time of a statement of account rendered by the

- 854 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
CROSSMAN & HOSFORD v. HARBISON
Cite as 25 Neb. App. 849

other party is a manifestation of assent." But what constitutes an unreasonably long time is a question of fact to be answered in the light of all the circumstances. *Id.*, comment *b*.

In the present action, Hosford sent two billing statements to Moderow. One was identified as work for "JMJM Properties, LLC" in the amount of $1,900, and the other identified work for "American Marking Company" in the amount of $16,675. Neither statement indicates when the work was performed, but based upon the evidence, the work for "American Marking Company" took place more than 4 years prior to the billing statement being sent. No fee agreement appears in the record, and according to Moderow, one never existed. Moreover, the parties never had any discussions as to hourly fees or the extent of services to be rendered. It took Moderow 4 months to respond to the initial billing statement, and although she did not object to the amount of the bill, she did express her surprise at both the amount and the length of time it spanned.

Given the circumstances of the case, we cannot say as a matter of law that Moderow's delayed objection should be construed as implied assent to the amount claimed by Hosford. Although failure to object to an account rendered is admissible in evidence as tending to prove an acknowledgment of its correctness, it does not undisputedly prove correctness. And the weight or sufficiency of such proof is a question of fact to be determined by the fact finder. See *Hendrix v. Kirkpatrick*, 48 Neb. 670, 67 N.W. 759 (1896). Recognizing that Hosford waited more than 4 years to bill Moderow, the reasonableness of Moderow's 13-month delay in expressly questioning the amount of the bill is a question of fact.

[7] Having determined that a fact question exists as to whether Moderow agreed to the amount billed, we need not address Moderow's arguments that genuine issues of material fact exist as to whether she was a proper party, the reasonableness of the attorney fees, or whether Hosford's claim is barred by the statute of limitations. An appellate court

- 855 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
25 NEBRASKA APPELLATE REPORTS
CROSSMAN & HOSFORD v. HARBISON
Cite as 25 Neb. App. 849

is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *Amend v. Nebraska Pub. Serv. Comm.*, 298 Neb. 617, 905 N.W.2d 551 (2018).

## CONCLUSION

Because a genuine issue of material fact exists as to whether Moderow agreed to the amount Hosford claimed was due, summary judgment was inappropriate. We reverse the judgment and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.