HERNAIZ, TARGA & Co., SUCRS., S. EN C., demandante y apelada, *v.* R. COBIÁN RIVERA, demandado y apelante.

No. 4877.—*Sometido:* Diciembre 19, 1929. *Resuelto:* Noviembre 21, 1930.

*Rafael Arce,* abogado del apelante; *De la Torre & Ramírez,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La mercantil Hernaiz, Targa & Co., Sucrs., S. en C., demandó judicialmente en 1927 a R. Cobián Rivera alegando los hechos determinantes de su personalidad y los del de-

* NOTA:. Véase el prefacio.

mandado: que éste le debe $1,308.48 de mercancías que le tomó en su establecimiento mercantil y que recibió a su entera satisfacción; que esa cantidad es líquida y exigible y que el demandado no la ha satisfecho a pesar de las gestiones de cobro practicadas. El demandado negó en su contestación los hechos de la demanda excepto el referente a la capacidad de las partes y en la materia nueva de oposición a la demanda dijo que la demandante no podría referirse nunca en su reclamación a una fecha posterior al 15 de diciembre de 1920, por lo que la acción ejercitada está prescrita de acuerdo con el Código Civil. Celebrado el juicio y dictada sentencia condenatoria fué interpuesta esta apelación.

 En los dos primeros motivos aducidos para sostener este recurso se alega que el tribunal inferior cometió error al desestimar la excepción previa aducida contra la demanda por no alegar hechos determinantes de causa de acción y al desestimar la excepción de prescripción.

Los motivos expuestos por el apelante en apoyo del primer motivo de error son que en la demanda se omite consignar la clase de mercaderías tomadas por el demandado, su precio específico, la fecha en que fueron tomadas, la en que se liquidó, su valor y la forma y fecha en que habían de ser pagadas. El precio de la venta lo expone la demanda y también que la deuda era exigible cuando se presentó la reclamación judicial. En cuanto a los otros extremos mencionados no era necesario que la demanda especificase la clase de mercancías vendidas ni la fecha en que fueron tomadas por el demandado porque eso podía ser especificado a petición de él, como así lo solicitó antes del juicio siéndole entregada copia de su cuenta con la manifestación de la demandante de que le suministraría cualquier otro detalle que necesitase. En cuanto a la excepción de prescripción de la acción fué también propiamente negada porque no conteniendo la demanda la fecha de la venta de las mercancías no podía determinarse por ella el día en que la prescripción de la acción debía empezar a contarse.

■ De la evidencia presentada en el juicio por el demandante resulta que el demandado le compró mercancías en 12 de diciembre de 1920 por valor de $1,296.30 y otras el 15 de dicho mes por $12.18, que suman $1,308.48, que es la cantidad que se le reclama ahora; que la venta fué de contado y que desde entonces la demandante ha enviado al demandado cada seis meses el estado de su cuenta. La única prueba que presentó el demandado fué el estado de su cuenta que a requerimiento suyo le entregaron los abogados de la demandante con las dos partidas que hemos dicho de 12 y 15 de diciembre de 1920.

El demandado no ha negado en su contestación que comprara las mercancías cuyo pago se reclama, sino que después del 15 de diciembre de 1920 no ha hecho compras a la demandante. Tampoco que haya pagado esa mercancía, pues lo que alega es que la acción para cobrarlas ha prescrito. No ha negado haber recibido los estados de cuentas que la demandante jura que le envió semestralmente, ni ha manifestado en forma alguna que la cuenta que se le cobra sea errónea o fraudulenta. El no asistió al juicio. En vista de esos hechos y circunstancias y de que el demandado ha tenido tiempo más que razonable para objetar esa cuenta, podemos llegar a la conclusión de que quedó liquidada (*account stated*) y que la demandante probó su caso *prima facie,* por lo que no hay modo de aplicar la prescripción de tres años alegada por el demandado. En el caso de *Torres* v. *Lothrop, Lutz & Co. et al.,* 16 D.P.R. 188, en el que se habían rendido cuentas sin que la corrección de sus partidas hubiera sido impugnada hasta varios años después al establecerse una demanda, se declaró que el deudor había dejado transcurrir mucho tiempo sin poner reparos a las cuentas que le habían sido rendidas; y en el *syllabus* se dice que esa omisión constituía una aprobación tácita de dichas cuentas. Pueden verse también los casos siguientes: *Dunavant* v. *Fields,* 68 Ark. 534, 60 S. W. 420; *Oil Co.* v. *Van Etten,* 107 U. S. 325; *Kenneth Invest,*

*Co.* v. *National Bank,* 96 Mo. App. 125, 70 S. W. 173; *Griffith* v. *Hicks (1921 Ark.),* 18 A.L.R. 882.

· En vista de la anterior conclusión se hace innecesario decidir si la acción está prescrita por el transcurso de tres años y tampoco. los otros motivos. del recurso basados en cuestiones distintas de la rendición de cuenta cada seis meses, y si hubo error en admitir como evidencia proposiciones que por escrito y por terceras personas hizo el apelante al apelado para pagarle un 20 por ciento de su deuda en dos años, porque no afectan al fundamento que tenemos para confirmar la sentencia condenatoria de pago.

*La sentencia apelada debe ser confirmada.*