Antonia Rieder de Marxuach, demandante y apelante, *v.* Juan Torruella Cortada, demandado y apelado.

No. 6682.—*Sometido:* Marzo 26, 1935. *Resuelto:* Julio 19, 1935.

---

* Nota: Véase el prefacio.

*F. Parra Capó* y *A. Arnaldo Sevilla,* abogados de la apelante; *José A. Poventud* y *Alberto S. Poventud,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal. .

Antonia Rieder de Marxuach y Juan Torruella Cortada constituyeron una sociedad civil particular que giró en Ponce bajo la razón de Recreo Agricultural Company por un término de diez años que habría de vencer en abril 17 de 1938, siendo la demandante socia capitalista y el demandado socio industrial. Fué el objeto de esta sociedad fomentar los pastos de ciertas fincas cuyo uso aportó la demandante a la sociedad, explotar una lechería, y dedicarse a la crianza y compra de ganado vacuno y a otras actividades que pudiesen tener relación con la mejor explotación de las referidas fincas. La corte inferior, en su resolución de 10 de junio de 1933, dice que se aportó además el avalúo de cierto ganado e implementos como parte del capital social, aunque se hizo constar en la cláusula dos de la escritura que el mismo le sería devuelto al expirar el término, sin devengar interés alguno. Este ganado aparece valorado en $8,606.75 en el inventario practicado al constituirse la sociedad. Añade la corte que no obstante lo dicho en la cláusula dos en cuanto al avalúo del ganado e implementos que la Sra. Marxuach aportó a la sociedad, en la cláusula trece se hizo constar que en el momento de disolverse esta sociedad todo el ganado que existía propiedad de la misma, según arrojen los libros que al efecto se llevarán, así como los carros e implementos de cultivo y demás muebles, serían tasados y su valor repartido de por mitad entre ambos socios, incluyendo lo que se consigna en el párrafo segundo de la escritura, luego de pagarse las deudas de la sociedad.

Convinieron además las partes en que sería de cuenta

de la sociedad el pago del ganado vacuno que fuera preciso adquirir para el cumplimiento de dicha sociedad, el pago de las contribuciones de todas clases que se impusieran a las fincas y que fuesen originadas por el negocio, y el pago de las cantidades que anualmente correspondiera pagarse al Banco Federal, durante la duración del contrato, para amortización de una hipoteca con sus intereses, que grava la finca a favor de dicho Banco en la proporción en que hasta la fecha de otorgarse la escritura de sociedad venían realizándose dichos pagos. Por la cláusula once del contrato se convino que las pérdidas y ganancias se repartirían de por mitad entre ambos socios.

La Sra. Antonia Rieder de Marxuach solicitó la disolución y liquidación de la sociedad, a lo cual se allanó el demandado Juan Torruella Cortada. La corte dictó sentencia de conformidad y ajustándose a lo estipulado designó al Lic. Luis Yordán Dávila para llevar a cabo la referida liquidación con práctica del correspondiente inventario, avalúo, adjudicación y distribución de cualquier sobrante que pudiese existir, después del pago de las deudas sociales y con vista de la escritura social. El Sr. Yordán Dávila falleció antes de haber cumplido su misión y las partes, mediante estipulación, sometieron a la resolución definitiva de la Corte de Distrito de Ponce todo lo concerniente a la liquidación de la citada entidad Recreo Agricultural Co., para que dicho tribunal, utilizando la prueba practicada ante el comisionado Sr. Yordán Dávila y dándole a las partes la oportunidad de presentar nueva prueba, procediese a la resolución definitiva de las cuestiones pendientes relativas a la susodicha liquidación social.

En 10 de junio de 1933 la corte inferior dictó resolución fijando las partidas constitutivas del activo de dicha sociedad, que estimó en $25,794.75, y determinando las partidas integrantes del pasivo, ascendentes a $28,115.58. El tribunal, no creyéndose autorizado dentro de los términos de la estipulación para decretar las adjudicaciones de los bienes, dejó a

las partes en libertad de hacerlas a su mejor conveniencia. Según se ha dicho anteriormente, los litigantes sometieron "a la resolución definitiva de la corte todo lo concerniente a la liquidación de la entidad Recreo Agricultural Co." La estipulación termina diciendo que después de oídas las partes se procederá "a la resolución definitiva de las cuestiones pendientes relativas a la susodicha liquidación social." La parte demandada solicitó la reconsideración de la resolución fijando el activo y pasivo de la sociedad, alegando, entre otras razones, que la corte debía distribuir el caudal social, haciendo las adjudicaciones que fuesen procedentes y estableciendo la forma de hacer efectivos los derechos de las partes y el pago definitivo de lo adeudado por la sociedad. La demandante estuvo conforme, y, habiendo estipulado ambas partes que se hiciesen las adjudicaciones de acuerdo con sus alegatos, la corte así lo dispuso en resolución dictada en 22 de junio de 1933. De esta resolución apeló la demandante, alegando en su primer motivo que la corte erró al no estimar que la sociedad Recreo Agricultural Company debe a la demandante $8,606.75 y al no haber incluído ese crédito en el pasivo de la sociedad y ordenado su pago en la liquidación de dicha entidad. En su segundo motivo alega la demandante que la corte erró al estimar que la Recreo Agricultural Company debe a Juan Torruella Cortada $20,892.98 y al incluir ese crédito en el pasivo de dicha sociedad, y ordenar su pago en la liquidación. Arguye el demandado que los errores primero y segundo deben descartarse, porque se dirigen contra la resolución dictada en 10 de junio de 1933 que no ha sido apelada y no contra la que se dictara en 22 de junio que es la única que ha sido objeto del presente recurso de apelación. A juicio de la parte apelada se trata de órdenes dictadas después de sentencia que únicamente pueden revisarse cuando se establece el correspondiente recurso de apelación.

██ Argumentando su moción de reconsideración, acep-

tada por la parte apelante en lo que se refiere a la adjudica-
ción de los bienes, se expresó así el demandado apelado:

"Fué indiscutiblemente la idea de los interesados que nada que-
dase pendiente; y, si la Hon. Corte no adjudica los bienes entre
tales interesados imponiendo a éstos o a alguno de ellos la obligación
de saldar el pasivo, sencillamente quedarían las partes envueltas en
un nuevo litigio para obtener esa finalidad, o, por lo menos, sería
preciso instar procedimientos supletorios en este mismo caso para
que ese extremo quedase finalmente despejado. Además, la liqui-
dación social como la liquidación de los bienes relictos de un cau-
sante, necesariamente envuelve la adjudicación o distribución de
bienes con imposición a uno o más de los interesados de la obligación
relativa al pago de las deudas o pasivo que existiere."

La corte inferior, en 22 de junio de 1933, dictó su decisión
final haciendo las adjudicaciones de los bienes, en una reso-
lución que titula "Decreto Definitivo". La parte deman-
dada, al sostener que los pronunciamientos contenidos en la
resolución anterior no pueden discutirse en el presente re-
curso, porque dicha resolución no fué apelada, parte segura-
mente de la base de que pudo apelarse de la referida reso-
lución. Sobre este particular abrigamos serias dudas. La
corte quedó autorizada por las partes a resolver definitiva-
mente todas las cuestiones pendientes y concernientes a la
liquidación. La misma parte apelada admite que la auto-
ridad concedida al tribunal envuelve necesariamente la adju-
dicación o distribución de bienes. Si esto es así, hay que
convenir en que la resolución dictada en 10 de junio no re-
solvió definitivamente los derechos de las partes, puesto que
se omitieron pronunciamientos que debieron haberse hecho,
y que se hicieron después con el consentimiento de ambos
litigantes.

En su primera resolución la corte fijó el activo y pasivo
de la sociedad disuelta; pero lo que quedó por hacer y lo
que se hizo después, distribuyendo la propiedad y fijando
las responsabilidades de los socios, fué algo que requirió el
ejercicio de la inteligencia judicial y no una cuestión que

pudo resolverse mediante un acto puramente ministerial. Se ha sostenido por numerosas decisiones que una sentencia, orden o decreto no es definitivo y apelable a menos que resuelva los méritos de la controversia, o los derechos de las partes, sin dejar nada para una futura determinación. La orden de 10 de junio no tiene carácter ejecutivo. La resolución dictada en 22 de junio es la que resuelve definitivamente las cuestiones planteadas por las partes y por lo tanto nos inclinamos a creer que los pronunciamientos de la corte inferior en la orden anterior, impugnados por la parte apelante, pueden ser revisados dentro del presente recurso de apelación.

■ Tócanos ahora resolver los errores apuntados por la parte apelante. Se alega en primer término que la suma de $8,606.75 constituye un crédito a favor de la demandante, que debió haberse incluído en el pasivo de la sociedad y ordenado su pago en la liquidación de la misma. Comienza la escritura social describiendo cinco fincas rústicas radicadas en algunos barrios de Ponce, pertenecientes en pleno dominio a la Sra. Rieder de Marxuach. Luego, en el hecho segundo de la escritura se hace constar que en estas fincas existen y también son de la propiedad de dicha señora "determinado número de ganado vacuno, a más de algunos carros para bueyes y aperos de labranza que se detallan en el inventario unido a la escritura." En el hecho tercero se dice que teniendo convenido ambos otorgantes formar con dichas fincas una sociedad particular para el fomento de las mismas y repartición entre ellos de los beneficios que produzcan, lo llevan a efecto bajo los siguientes pactos y condiciones:

"1. La señora Marxuach aporta a dicha sociedad las fincas antes descritas con todas sus pertenencias, para el solo fin ya dicho en el hecho tercero del presente documento, continuando dichas fincas del dominio particular de la Sra. Marxuach.

"2. El ganado, carros e implementos de cultivo a que se refiere el hecho segundo del presente documento será tasado

hoy en dinero efectivo según precio corriente en plaza y su avalúo lo aporta también a esta sociedad, debiendo serle devuelto por la misma al expirar el término de su constitución, sin devengar interés alguno.''

Éste es el ganado que fué valorado en el inventario en $8,606.75. Arguye la demandante que aportó a la sociedad el disfrute de las cinco fincas rústicas que constituyen la finca Recreo, reservándose el dominio particular de la misma y que además prestó a la sociedad la referida suma de $8,606.75, cuya cantidad se obligó a devolver, al expirar el término de su constitución, sin devengar interés alguno. La parte apelada sostiene que no se trata de un préstamo sino de una aportación. Nos inclinamos a creer que ésta es la interpretación más correcta, de acuerdo con las cláusulas de la escritura que hemos transcrito. En primer lugar, aparece la señora Marxuach aportando a la sociedad las fincas de que es dueña. No hay duda alguna de que el usufructo de estas fincas constituye capital aportado a la sociedad. Luego se hace constar que el avalúo del ganado, carros e implementos de cultivo *lo aporta también a esta sociedad.* La palabra ''también'' está indicando igualdad y semejanza con lo dicho en la cláusula anterior sobre aporte de capital. Es verdad que se dice que el avalúo del ganado debe ser devuelto por la sociedad al expirar el término de su constitución sin devengar intereses y que es raro que así se haga constar, ya que el capital aportado no devenga intereses. Es sabido que todo socio capitalista tiene derecho al reintegro del capital aportado al disolverse la sociedad una vez cubierto el pasivo de la misma, sin devengar interés alguno. Éste es el argumento básico de la parte apelante para sostener que lo que se intentó fué un préstamo y no una aportación. Sin embargo, puede que la referencia sobre el no pago de intereses haya sido hecha a mayor abundamiento, como algo que se tenía por sabido y que, aunque innecesario, se quiso hacer constar en el contrato de constitución de sociedad. Las partes, a nuestro juicio, han manifestado claramente su in-

tención cuando, a raíz de decir en un párrafo que la Sra. Marxuach aporta a dicha sociedad las fincas con todas sus pertenencias, agregan en el párrafo siguiente que también aporta a esta sociedad el avalúo del ganado, carros e implementos de cultivo.

Se ha demostrado que en el libro mayor de la sociedad la suma de $8,606.75 a que asciende el avalúo del ganado figura como capital social. En las cuentas de la sociedad remitidas a la demandante, el avalúo del ganado aparece como cuenta capital sin que la demandante hiciese objeción a dichas cuentas ni ofreciese prueba tendente a demostrar que las partes no tuvieran esa intención. El demandado Juan Torruella Cortada declara que el avalúo del ganado aportado a la sociedad lo fué como cuenta capital y que así aparece en los libros y cuentas rendidas a la demandante. No hay nada en los autos que pueda servir de base para sostener que los contratantes no tuvieron la intención de que el valor del ganado se aportase a la sociedad como capital y sí hay prueba abundante para demostrar que ésa fué la intención de las partes. La cuestión de si una propiedad personal adquirida o perteneciente a un socio ha sido aportada por dicho socio como bien de la sociedad, depende de la intención de las partes, revelada por su conducta, por las disposiciones del contrato social, por las entradas en los libros de la firma y por el uso de la propiedad en los negocios de la misma, aunque el simple hecho del uso por sí solo no basta para demostrar que la propiedad pertenece a la firma. 47 C. J. 752; *In re Amy,* 21 F. (2d) 301.

En el presente caso, además de la escritura social donde se estipula que el avalúo del ganado, carros e implementos de cultivo se aporta también a la sociedad, existe la entrada en el libro de la misma, las cuentas rendidas a la demandante, sin objeción alguna de su parte, y el testimonio no contradicho del demandado de que el referido avalúo fué aportado como capital de la sociedad. Arguye el demandado como una razón para aportar el avalúo del ganado e imple-

mentos en vez del ganado mismo, que si la demandante hubiese contribuído con el referido ganado, el riesgo hubiese sido para ella en caso de pérdida total o parcial de sus animales, mientras que aportando la valoración o precio fijado en el inventario, el riesgo en ese caso sería para la sociedad. En esta forma la demandante aporta un capital invariable, que no está sujeto a oscilaciones, por consistir en el avalúo, valoración, estimación o precio fijado al ganado e implementos de cultivo. Debe desestimarse el error apuntado.

■ En el segundo motivo se alega que la corte erró al declarar que la Recreo Agricultural Co. debe a Juan Torruella Cortada la cantidad de $20,892.98 y al incluir ese crédito en el pasivo de la sociedad y haberse hecho el pago del mismo en la liquidación.

En su resolución de 10 de junio de 1933 la corte reconoció un crédito de $20,892.98 a favor del demandado Juan Torruella Cortada, expresándose en los siguientes términos:

"Se ha probado, a satisfacción de la corte, que el demandado Juan Torruella Cortada tiene un crédito o cuenta contra la sociedad ascendente, según el inventario y balance general de octubre 29, 1932, a $20,892.98. Este crédito viene arrastrándose en los inventarios y balances anuales desde una suma de $12,234.61 en el año 1929, en aumento anualmente hasta el 1932, a la suma mencionada; y habiéndose probado que el demandado rendía dichas cuentas anualmente a la demandante, la que nunca hizo objeción alguna a ellas, puede concluirse que dichas cuentas quedaron aceptadas por la demandante de acuerdo con los casos de Hernaiz Targa & Co., v. Cobián, 41 D.P.R. 546; Torres v. Lothrop, 16 D.P.R. 180; Drug Co. v. Pérez, 43 D.P.R. 772, y First National Bank v. Allen, 100 Ala. 476, 46 Am. St. Rep. 80; y habiéndose probado además por testigos y peritos, y por la prueba documental los detalles de dicha cuenta o crédito del demandado sin que la demandante ofreciera prueba alguna en contrario, habiéndose demostrado también que el demandado siempre puso a disposición de la demandante y su perito los libros y comprobantes de dicha cuenta. A la Corte le mereció entero crédito la prueba del demandado en cuanto a la venta del ganado que hizo a la sociedad (adquirido de acuerdo con el apar-

tado *a* de la cláusula Diez), y que dicho ganado fué inventariado, recibido y utilizado en la finca y aún existe en ella parte del mismo.''

Hemos examinado el testimonio de los testigos que declararon sobre esta reclamación del demandado contra la sociedad. Las conclusiones de la corte inferior están justificadas por la prueba. La demandante no presentó prueba alguna para refutar la que produjera el demandado. La corte inferior creyó esa prueba. No se ha demostrado pasión, prejuicio o parcialidad, o manifiesto error en la apreciación de la misma. No hay siquiera un conflicto de prueba. En estas condiciones esta corte no puede hacer otra cosa que desestimar el error apuntado por la parte demandante.

El tercer motivo de error ataca una de las adjudicaciones hechas por la corte inferior en la providencia recurrida. Se alega que la corte erró ''al encargar a la demandante apelante el pago de las contribuciones adeudadas al Pueblo de Puerto Rico y de los plazos vencidos de la hipoteca otorgada a favor del Banco Federal por la demandante apelante, cuyas dos partidas suman siete mil doscientos veintidós dollars cincuenta y ocho centavos, y adjudicarle en pago de dicha cantidad el derecho al uso de las fincas que tiene la sociedad hasta el 17 de abril de 1938 por trece mil trescientos sesenta dollars veintiún centavos, con la obligación de devolver a Juan Torruella Cortada ocho mil doscientos tres dollars noventa y ocho centavos, con el interés del 6 por ciento anual.''

De los $18,310.21 importe de la valoración del uso de las fincas desde octubre 28 de 1932 al 17 de abril de 1938, se descontaron $4,950, importe de las contribuciones que devengarían las fincas durante el período comprendido entre ambas fechas, quedando un sobrante de $13,360.21. Para cubrir la suma de $5,327.46, importe de las contribuciones adeudadas al Pueblo de Puerto Rico en octubre 29 de 1932, y para satisfacer ciertos plazos debidos al Banco Federal, ascendentes a $1,895.12, se adjudicó a la demandante, Sra. Rieder de Marxuach, entre otros bienes, el uso y disfrute de las fincas hasta

abril 17 de 1938. Para mayor claridad vamos a permitirnos transcribir de la resolución de la corte inferior la parte que se refiere a la adjudicación decretada en favor de doña Antonia Rieder de Marxuach.

"Doña Antonia Rieder de Marxuach, la actora, HA DE HABER:

Para hacerse cargo del pago de las contribuciones debidas al Pueblo de Puerto Rico por las fincas aportadas a la sociedad, la suma de $5, 327. 46

Y para satisfacer los plazos debidos al Banco Federal—partida núm. 2 del pasivo—la cantidad de_____ 1, 895. 12

Ha de haber en total_____ 7, 222. 58

Y para su pago se la adjudica:

(a) El importe de los créditos de la sociedad contra la misma doña Antonia Rieder de Marxuach, Vicente López, R. Colón, Guillermo Torres y Ponce Electric Co., que es la partida número 4 del activo, montante a____ 174. 40

(b) Los carros, equipo de establo, enseres e implementos agrícolas en la finca El Recreo, detallados y descritos en el mencionado inventario de octubre 29/32, que es la partida 2 (b) del activo, montante a_____ 1, 891. 79

(c) Y el derecho de uso o disfrute de las fincas aportadas por la misma actora a la sociedad hasta abril 17, 1938, descrito ese derecho y las fincas en la escritura social, valorado después de deducirse las contribuciones desde la disolución de la sociedad hasta la expiración de tal derecho en abril 17, 1938, en la suma de_____ 13, 360. 21

——————— $7, 222. 58

Suma lo adjudicado a la demandante Sra. Rieder a _____ $15, 426. 40

Diferencia que debe devolver la actora Sra. Rieder, para atender al resto del pasivo de la sociedad_____ $8, 203. 82."

Como se ve, se impuso a la Sra. Rieder dè Marxuach la

obligación de devolver $8,203.82 para atender al resto del pasivo de la sociedad. Esta cantidad, que debía devolver la demandante, se adjudicó a Juan Torruella Cortada, con intereses legales al 6 por ciento anual hasta su total reintegro.

La parte demandante estuvo conforme en que el valor del disfrute de la finca hasta la expiración del contrato social en 1938 formase parte del activo de la sociedad. En su resolución de 10 de junio de 1933 dice la corte inferior:

". . . la demandante aceptó, al igual que el demandado, que el valor del disfrute de las fincas hasta la expiración del contrato social en 1938 forma parte del activo de la sociedad, y que dicho uso de las fincas fué valorado por perito ante el Comisionado Sr. Yordán en $18,310.21, y que esto fué incluído en el inventario y balance de Oct. 29 de 1932, habiendo las partes, en su estipulación de febrero 14 de 1933, supra, sometido la liquidación a la resolución de la Corte, por dicha prueba practicada ante el Comisionado y la que presentaron después. La demandante no presentó prueba alguna que tienda a variar el valor dado al disfrute de las fincas. . . ."

Nos damos cuenta de que la Sra. Rieder de Marxuach aportó el usufructo de las fincas a la sociedad con todas sus pertenencias, de que el Sr. Torruella aportó también los conocimientos que posee en el género de explotación y además su dirección personal, estando la administración de la sociedad a su cargo exclusivo, y de que el contrato social en que se hicieron estas aportaciones debió durar hasta el 17 de abril de 1938. Vemos que la sociedad fué disuelta en virtud de sentencia dictada por convenio de las partes en 28 de octubre de 1932 y que el usufructo de las fincas desde esta fecha hasta 1938 ha sido considerado como bien distribuíble, con una valoración de $18,310.21. No ignoramos que este mismo usufructo fué valorado en $5,000 al constituirse la sociedad. La propia demandante, sin embargo, propuso que ese usufructo fuese valorado como caudal distribuíble, que su importe continuase afecto al pago de las contribuciones y de los plazos de la hipoteca del Banco Federal, y que formase parte del activo de la sociedad. En estas condiciones no

tenemos base para decir que la corte inferior incurriera en error al adjudicar a la demandante el importe del derecho y disfrute de las fincas hasta la fecha mencionada, para pagar las contribuciones y los plazos debidos al Banco Federal y cubrir parte de la suma adeudada al demandado.

La parte demandante entiende que es un error adjudicársele bienes para satisfacer obligaciones de la sociedad, especialmente cuando se ha hecho la adjudicación por una cantidad que excede del importe de las obligaciones, para compelerla a devolver al Sr. Torruella el sobrante de $8,203.82, lo que a su juicio llega a la opresión. Ya hemos dicho que el uso de las fincas fué valorado como capital distribuíble en $18,310.21, y añadimos ahora, ratificando a la corte inferior, que la demandante no ofreció prueba alguna para rebatir el testimonio de los peritos que declararon sobre esta valoración. La corte inferior, en vista de que el importe de lo adjudicado excedía del montante de las contribuciones vencidas y de los plazos debidos al Banco Federal, dispuso que la adjudicataria encargada de solventar estas obligaciones devolviese el balance para atender al resto del pasivo de la sociedad. El fallo de la corte inferior hay que juzgarlo teniendo en cuenta la prueba que le fué sometida, las admisiones de la propia demandante y los medios que tuvo a su alcance para establecer sus conclusiones. Al constituirse la sociedad en 1928, una parte aportó sus bienes, la otra su industria. Estos bienes responden de las deudas de la sociedad. Entre ellos se hace figurar el importe de lo que las fincas puedan producir en un período que se extiende desde 29 de octubre de 1932 hasta el 17 de abril de 1938, fecha en que debió expirar el contrato. El derecho de usufructo durante diez años, valorado en $5,000 en 17 de abril de 1928, al constituirse la sociedad, aparece justipreciado por los peritos del demandado en más de $18,000 después de los huracanes de San Felipe y San Ciprián, cuando había transcurrido ya cerca de la mitad del término señalado para el contrato. Con el importe de ese usufructo es que se pagan

las contribuciones vencidas, los plazos debidos al Banco Federal y parte del crédito de $20,892.98 reconocido a favor del demandado. Estos hechos, sin embargo, admitidos unos por el socio capitalista y establecidos otros mediante prueba que no ha sido refutada, nada tienen que ver con la adjudicación de bienes a la parte demandada. Opinamos que no tenemos base para dejar sin efecto la adjudicación impugnada, y *que debe confirmarse la resolución apelada.*