## ZANDER v. LUTHERAN BROTHERHOOD OF MINNEAPOLIS, MINN.

### No. 12351.

Circuit Court of Appeals, Eighth Circuit.

July 12, 1943.

Rehearing Denied Aug. 9, 1943.

Bryce Crawford, Jr., and Daniel J. Gross, both of Omaha, Neb., for appellant.

Yale C. Holland, of Omaha, Neb. (Donald L. Thompson, of Chicago, Ill., on the brief), for the appellee.

Before STONE, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

From May, 1925, to November, 1937, the appellant Zander was in the employment of the appellee, Lutheran Brotherhood of Minneapolis, Minnesota, a fraternal life insurance corporation, under five separate written contracts. Under the first three agreements between the parties, the first of which was executed in 1925 and the last in 1932, the appellant was employed as a general agent of appellee for the purpose of soliciting life insurance and collecting and remitting premiums. His compensation was fixed at certain commissions upon premiums on policies written by himself and his subagents. As a part of his compensation, the appellant became entitled to commissions on premiums on policies written by appellant and his subagents, and received, collected by, or paid to appellee from the third to the fourteenth years in the life of the policies. In the contracts these commissions were denominated renewal commissions and the contracts were referred to by the parties as agency contracts.

The fourth contract between appellant and appellee was executed November 14, 1934, to become effective December 1, 1934. Under this agreement appellant was employed as manager for appellee for certain territory at an annual salary of $3,000, plus necessary traveling expenses and a bonus on increased business secured by appellant for appellee in the territory assigned to him. This contract, in the form of a letter accepted by appellant, contained the following provision: "These payments [salary, expenses, and bonuses] are to be in full for services and expenses, and your agency contract is terminated as of November 30th, 1934, but you are to receive your renewals as per such contract * * *."

On May 3, 1936, the appellant submitted his resignation as manager under the fourth contract. The resignation was accepted by appellee and on June 25, 1936, the fifth contract was executed. This was a general agency contract by which appellant again entered the service of appellee as a soliciting agent. Under it appellant was to be paid commissions only for insurance personally secured by him on policies written at certain colleges in Nebraska and Illinois and in territory not assigned by appellee to some other agent. The provisions of the fifth contract material here are: "* * * This contract shall terminate and stand in lieu of all prior contracts and agreements between the parties hereto, including specifically the agreement of November 14, 1934 and any and all prior contracts and agreements, except that the agent shall enjoy and receive the renewal premiums under any prior contracts upon business produced on or prior to November 30, 1934, as specifically reserved to said agent in the agreement dated November 14, 1934, subject, however, to the terms and conditions of said prior contracts and to all claims and demands of the Lutheran Brotherhood on account of advances and charges made or hereafter made by the Lutheran Brotherhood to said agent. Said agent releases and discharges the Lutheran Brotherhood of and from any and all claims to any bonus whatever under said agreement as of November 14, 1934 and under any prior contract or agreement and from any and all other claims or demands whatsoever except the renewals aforesaid. * * * Either party may terminate this contract and appointment at any time by giving to the other party thirty days' notice in writing to that effect. * * * Lutheran Brotherhood may cancel this contract at any time without notice for insufficiency of production. * * * Failure to obtain $100,000 in accepted and paid up business annually shall be considered insufficiency of production."

In November, 1937, appellee terminated the fifth contract. In September, 1938, appellant brought the present suit in two counts, the first for an accounting under the three agency contracts, and the second for damages for a breach of the third of these contracts. After a trial without a jury the District Judge resolved all issues of fact and law against appellant and dismissed his petition.

Little need be said concerning appellant's action for damages for breach of the agency contract of 1932. The basis of this action was appellant's claim that the

appellee wrongfully terminated the contract after the expenditure by appellant of large sums of money and valuable time in developing his agency on the faith of his belief, induced by the appellee, that the contract could not be terminated except for cause amounting to a substantial breach of its terms. But the contract contained a provision for its termination by either party upon thirty days' notice to the other and both the contracts of December 1, 1934, and of June 25, 1936, contained explicit provisions terminating all prior contracts between the parties. Moreover, the contract of 1936 contained a release of appellee from all claims by appellant "under any prior contract or agreement and from any and all other claims or demands whatsoever" except claims for renewal commissions earned by appellant under his agency contracts. Appellant's action for damages was not for the breach of either of these contracts but for the breach of a prior contract which both of the latter agreements expressly terminated.

At the trial appellant attempted to avoid the obvious effect of the contracts of 1934 and 1936 on his action for damages for breach of the contract of 1932 by the contention that neither of the latter contracts ever became binding upon the parties. Appellant offered evidence that his execution of the first contract was induced by the promise of appellee to cancel a debt of $7,000 which appellant owed appellee at the time he signed the agreement. Concerning the last contract appellant attempted to prove that it was breached by appellee immediately upon its execution and for that reason never became binding. These contentions presented questions of fact for the decision of the District Judge on the evidence before him. On that evidence the District Judge found that the contracts of 1934 and 1936 were valid agreements between the parties, that appellee did not induce execution of the contract of 1934 by the promise to cancel appellant's debt to it in the sum of $7,000 or in any other sum, that the contract of 1934 was terminated by the appellant by his voluntary resignation, and that the contract of June 25, 1936, was terminated by appellee because of a breach of the contract by appellant by his failure to produce the amount of insurance required by the contract.

These findings of the trial judge are supported by the overwhelming weight of the testimony. They are conclusive here. McIntosh v. Wiggins, 8 Cir., 123 F.2d 316, 321. There is no substantial evidence in the record supporting appellant's contention concerning the invalidity of either of the contracts of 1934 and 1936. On the contrary, it appears from his own testimony that he executed both agreements as written; that without complaint or objection on his part he continued the performance of his duties under the contract of 1934 for more than one year, receiving the compensation provided until the agreement was terminated by his voluntary resignation; that thereafter he worked under the contract of 1936, and until his discharge accepted without complaint the compensation provided for him in that contract; and that he did not deny his complete failure to produce the amount of insurance required of him by the contract. The judgment dismissing his action for damages for breach of the contract of 1932 was correct and must be affirmed.

The charges in the petition for an accounting are that appellee failed to credit appellant's agency account with certain renewal commissions earned under the agency contracts; that appellee refused to credit appellant's agency contract with the full commissions earned on conversions of juvenile insurance; and that appellee wrongfully charged appellant's agency account with collection charges on renewal commissions, advances to subagents of appellant, and interest charges on unpaid balances owing by appellant to appellee. There is no allegation of fraud or mistake in the statement of appellant's agency account but the right to the accounting is based upon appellant's construction of the provisions of the agency contracts with reference to the items upon which an accounting is now demanded.

Appellee denied the validity of appellant's construction of the agency contracts. It admitted that it made the disputed charges to appellant's agency account and that it did not give appellant the credits claimed. But it asserted that under a proper interpretation of the pertinent clauses of the agency contracts appellant's account was correctly kept; and it set up as a defense to the suit for an accounting that long prior to the institution of this suit the account between the parties had been finally stated and settled.

We have reached the conclusion that appellee's defense of account stated must be sustained. The provisions of the agency

contracts with reference to commissions on converted juvenile policies and concerning appellant's right to the renewal commissions claimed and his liability for advances to subagents may at one time have been open for construction. On the other hand, appellee was clearly within its rights in charging interest on debit balances of appellant's agency accounts if those accounts were correctly kept. And appellee was specifically authorized by the contracts to make the charge for the expense of collecting renewal premiums in the event of the legal termination of the agency contract, which, as we have said, was the case here. But the parties themselves by their course of conduct extending over many years have foreclosed all question of the proper construction of the agency contracts. The record discloses and the District Judge found that during the entire period of appellant's employment under the three agency contracts, as well as throughout the life of the fourth and fifth contracts, the appellee regularly furnished to appellant itemized statements of his agency account. The intervals between the statements were never greater than one month and often much shorter. The appellant was apprized by the statements of the credits and debits against his account for the periods covered. Throughout the life of the agency contracts these statements of account showed the credits allowed for renewal commissions and the basis of the allowance as well as the charges made against the account for advances to appellant's subagents. During all of this time the appellee regularly charged appellant with interest on the debit balance of his account as well as with advances made by the appellee to subagents, whether authorized or not authorized by appellant. These statements were accompanied by letters requesting appellant to examine the debits and credits made to his account and to advise appellee of any error occurring.

Appellant admitted that from the beginning of his employment by appellee in 1925 to the institution of the present suit he regularly received these statements of his account and that, with the exception of minor items not involved in this suit, he made no objection to any of them. It must have been evident to the appellant from 1925 until the termination of his connection with appellee in 1937 that he was not receiving credit for the disputed renewal commissions nor for commissions on converted juvenile policies to which he now claims a proper construction of the contract entitled him, and that he was being charged for advances made by appellee to his subagents without his prior authorization. Nevertheless he accepted the statements of his account in the form furnished him by appellee as true and correct.

Appellant attempted to avoid the effect of this evidence by the claim that while no specific objections were made by him to appellee's statements of his agency account, the question of the interpretation of the agency contract was always an open one between the parties. The most that the evidence shows, however, was an effort by the appellant, in concert with other agents, to induce appellee to change the agency contracts so as to give the right to renewal commissions claimed and the refusal of the appellee to accede to this request, and sporadic and feeble complaints by appellant concerning charges to his account for advances to subagents. But appellant continued to accept without objection the statements of his account submitted by appellee, thus indicating his acceptance of the appellee's interpretation of the agency contracts and of the accounts as rendered.

The District Judge was correct in his conclusion on the evidence that the account between the parties had been finally stated and settled and was no longer open to question by either of the parties on any ground advanced here. An account stated and retained for an unreasonable time without objection estops the party receiving it, in the absence of fraud or mistake, from denying the correctness of all items it contains. Wiggins v. Burkham, 77 U.S. 129, 10 Wall. 129, 19 L.Ed. 884; Long-Bell Lumber Co. v. Stump, 8 Cir., 86 F. 574, 582; Allen-West Commission Co. v. Patillo, 8 Cir., 90 F. 628; Fitzgerald v. First National Bank of Rapid City, 8 Cir., 114 F. 474; Patillo v. Allen-West Commission Co., 8 Cir., 131 F. 686; Leathe v. Title Guaranty Trust Co., 8 Cir., 18 F.2d 41; Kretni Development Co. v. Consolidated Oil Corp., 10 Cir., 74 F.2d 497, 500; Griffith v. Hicks, 150 Ark. 197, 233 S.W. 1086, 1088, 18 A.L.R. 882; Hendrix v. Kirkpatrick, 48 Neb. 670, 67 N.W. 759. Moreover, if, as appellant contends, the matters involved were always in dispute between the parties, then they must have been alive as claims against appellee at the execution of the contract of 1936. If so they were, in large part at least, discharged by the

release by appellant of all claims against appellee contained in that instrument.

One other matter remains to be considered. In preparing the record on appeal to this Court appellant designated certain matters to be included in the transcript on appeal. In addition to the pleadings, the memorandum and judgment of the trial court, and the findings of fact and conclusions of law by the trial judge, the appellant directed the district clerk to include eight exhibits offered by appellant in evidence and a condensed statement of the evidence in narrative form prepared by appellant. When the praecipe was served upon appellee it promptly filed a designation of additional matters which it desired included in the record. Appellee asked for a full and complete transcript of the evidence, including all exhibits offered by both parties in lieu of the condensed statement of the testimony in narrative form. See Rule 75(c), Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The record was prepared as designated by the appellant. The appellee moved in this Court to dismiss the appeal. Appellant responded with a motion to strike appellee's designation of additional parts of the record. This Court denied both motions. It directed the appellee to file and print such additional parts of the record as it thought necessary to a decision of the case and reserved the question of costs until a decision on the merits. Appellee now renews its motion to dismiss.

As a result of the procedure outlined, we have before us in this case two records, one prepared by appellant and one by the appellee. Comparison of them reveals a wide difference of opinion as to matters necessary to the determination of the appeal in this Court. We have carefully examined both records and we conclude that the record brought up by the appellant omitted much that was necessary to the determination of the questions presented. For example, although there were five written contracts involved and important in this proceeding, the appellant brought up only the three on which he relied, and out of more than one hundred exhibits introduced in evidence, only eight offered by the appellee were brought up.

In final analysis the questions presented on this appeal turned for their decision upon the sufficiency of the evidence to support the trial judge's findings of fact. In such circumstances the burden rested upon the appellant to bring before us a complete and adequate statement of all the evidence on which the trial judge made his findings. Rule 10(b) of the Rules of this Court. Nothing less entitled appellant to have a review here of the question of whether the trial judge's findings of fact were clearly erroneous. United States v. Foster, 9 Cir., 123 F.2d 32, 34. The supplemental record brought up by appellee was necessary to the decision of the case here. Accordingly, we hold that the cost of preparing and printing appellee's supplemental record should be taxed against the appellant.

The motion of appellee to dismiss the appeal is denied. The judgment appealed from is affirmed, with costs to appellee as above directed.